**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| **AARON KELLY and LITA KELLY** | * | |
| **Plaintiffs** | * | |
| v. | * | Civil No. PJM 06-1973 |
| **COUNTRYWIDE HOME LOANS, et al.,** | * | |
| **Defendants** | * | |

**MEMORANDUM OPINION**

Aaron and Lita Kelly ("the Kellys") have filed a *pro se* Complaint against Defendants Countrywide Home Loans ("Countrywide"), Universal American Mortgage Company ("Universal") and Mortgage Electronic Registration Systems ("Mortgage Electronic") alleging breach of contract, unjust enrichment and violations of the Truth in Lending Act. Though Countrywide and Mortgage Electronic are not yet in the case, Universal has filed a Motion to Dismiss for failure to state a claim upon which relief can be granted.

No hearing is necessary to dispose of this matter. See Local Rule 105.6 (D. Md. 2006). Having considered the pleadings, the Court will GRANT Universal's Motion to Dismiss.

**I.**

Both the Complaint and Plaintiffs' Opposition to the Motion to Dismiss lack clarity, to say the least. It appears from Universal's papers that the Kellys purchased a home in September 2005, executing a Promissory Note in the amount of $478,750, along with a deed of trust securing the note with real property. The loan was sold on at least one occasion on the secondary mortgage market.

After defaulting on the loan, foreclosure proceedings were initiated against the Kellys. The Kellys then brought this claim.

## II.

Under Federal Rule of Civil Procedure 12(b)(6), a court may not dismiss a claim unless it appears beyond doubt that the plaintiff can prove no set of facts that would entitle him to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Trulock v. Freeh, 275 F.3d 391, 405 (4th Cir. 2001). Though the Court is bound to accept the plaintiff's factual allegations as true, it is not obliged to accept "conclusory allegations regarding the legal effects of the facts alleged," Labram v. Havel, 43 F.3d 918, 921 (4th Cir. 1995). A complaint that fails to state a legal claim will be dismissed. District 28, United Mine Workers of Am., Inc. v. Wellmore Coal Corp., 609 F.2d 1083, 1085-86 (4th Cir. 1979).

## III.

Universal argues that the Complaint's allegations are based upon two faulty premises: (1) that by signing a promissory note with Defendants, "new money" was somehow created, thereby zeroing the balance owed and (2) that a promissory note cannot be legally sold or transferred on the secondary mortgage market. The Kellys' Opposition is difficult to decipher, but seems to claim that they are no longer liable on their note and instead should be compensated because the note was sold to a third party. Indeed, the Complaint itself seeks two million dollars, apparently in compensatory damages, as well as one million dollars in punitive damages.

The Court finds that even accepting the vague set of facts provided in the Complaint, no cause of action can possibly be made out by the Complaint under any of the counts alleged by Plaintiffs. The Complaint contains assertions which are utterly fanciful, without the slightest

foundation in law.

Inasmuch as the claims against Countrywide and Mortgage Electronic are equally baseless, the Court sua sponte enters an order to DISMISS the entire case WITH PREJUDICE. The Court will not force these Defendants, who have yet to be properly served, to go through the expense and inconvenience of filing their own motions when the outcome is clear from the outset.

**IV.**

For the foregoing reasons, the Motion to Dismiss by Defendant Universal American Mortgage [Paper No. 4] is GRANTED. The Court sua sponte enters an order DISMISSING the Complaint WITH PREJUDICE. A separate order will be ENTERED.

October 31, 2006

/s/
PETER J. MESSITTE
UNITED STATES DISTRICT JUDGE